UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| STEVEN GREEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOLEEN JONES,<br><br>　　　　Defendant. | 3:24-CV-03019-CCT<br><br>**ORDER GRANTING DEFFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL** |

Plaintiff, Steven Green, filed a complaint against Defendant, Joleen Jones, alleging improper distribution under SDCL § 29A-3-909, civil conspiracy, theft by conversion or theft by deception, and denigration of heirs. Docket 1-1 at 2. Jones filed a motion to dismiss for lack of standing to bring this action. Docket 9. Steven Green opposed Jones's motion to dismiss, Docket 10, but then filed his own motion to dismiss indicating he had no interest in pursuing the matter, Docket 17. Because Steven Green lacks standing to bring this action, Jones's motion to dismiss is granted without prejudice.

## BACKGROUND

On September 17, 2024, Steven[1] filed a complaint against Jones, asserting claims for improper distribution under SDCL § 29A-3-909, civil conspiracy, theft by conversion or theft by deception, and denigration of heirs.

---

[1] For clarity, the Court will refer to Steven Green by his first name throughout this document, as this case involves another individual with the same last name.

1

Docket 1-1 at 2. His claims arise from an inheritance dispute involving the estate of Thomas Ivan Schanzenbach, in which Steven's wife, Marcia Green,[2] is involved. *Id.* Schanzenbach is the uncle of Jones, Marcia, Holly Norris, Pamela Sims, Lavonne Evans, Chris Parks, and Kirk Parks, all of whom are siblings. Docket 1-1 at 4. In his complaint, Steven alleges that Jones lied to Marcia "about the amount she received from the Thomas Ivan Schanzenbach Estate[,]" so Jones "could alter the inheritance amount [ ] to benefit herself with more money." Docket 1 at 1. Steven further alleges that Jones conspired with "her sisters Pam and Lavonne to try to convince them to all hide and steal the money [ ], from their other [two] sisters, Marcia and [Norris][.]" *Id.* Steven contends that Jones stole over $53,600 from Marcia and Norris. *Id.* Steven seeks $100,000 in damages for both Norris and Marcia, which includes $26,800 plus interest in actual damages and $73,200 in punitive damages. *Id.* at 4.

On October 7, 2024, Jones filed a motion to dismiss. Docket 9. She asserts that Steven is neither an heir to the underlying probate action, nor authorized to represent anyone who is, which undermines his standing to bring or maintain this action. *Id.* at 1. She further noted that the "inheritance probate has been closed for 15 months." *Id.*[3] Steven filed a response opposing the motion to dismiss. Docket 10.

---

[2] The Court will refer to Marcia Green by her first name.

[3] The Court assumes that the "inheritance probate" Jones alludes to is the 27PRO22-000018 file in Haakon County, South Dakota, that Steven references in his complaint. Docket 1 at 1.

2

On November 13, 2024, Steven filed a motion for voluntary dismissal, asserting that he has "no interest in pursuing [ ] [Jones] any further in this matter." Docket 17 at 1. Jones filed a response asking the court to accept Steven's motion for voluntary dismissal and dismiss his claim with prejudice. Docket 18.

## DISCUSSION

### I. Dismissal Based on Lack of Standing

"Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.' That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance. This inquiry involves 'both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'" *Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). When ruling on a motion to dismiss for want of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth*, 422 U.S. at 501.

"The 'irreducible constitutional minimum of standing' consists of three elements." *Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "First, a party must have suffered an 'injury in fact,' an actual or imminent concrete and particularized invasion to a legally protected interest; second, the injury

3

must be fairly traceable to the challenged action of the defendant; and third, the injury must be redressable by a favorable decision." *Id.* (citation omitted). Under the "injury in fact" element, the injury must "affect the plaintiff in a personal and individual way" and "must also be 'concrete.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citations omitted). On the second element, "[a]n injury is fairly traceable if the plaintiff shows 'a causal connection between the injury and the conduct complained of' that is 'not . . . the result of the independent action of some third party not before the court." *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017) (cleaned up) (quoting *Lujan*, 504 U.S. at 560). Finally, as for the third element, "[f]or an injury to be redressable, judicial action must be likely to remedy the harm and cannot be merely speculative." *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000).

"Even if a plaintiff meets the minimal constitutional requirements for standing, there are prudential limits on a court's exercise of jurisdiction." *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County*, 115 F.3d 1372, 1378 (8th Cir. 1997). Under the prudential limits of the standing doctrine, "the Supreme Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (quoting *Warth*, 422 U.S. at 499). "The purpose of this prudential limitation on standing is to avoid the adjudication of the rights of third parties not before the court[.]" *NDN Collective v. Retsel Corp.*, 5:22-CV-5027, 2024 WL 3875755, at *4 (D.S.D. Aug. 20, 2024) (citation omitted).

The Court finds that Steven lacks Article III standing to pursue this action.[4] First, with respect to the "injury in fact" element, Steven fails to demonstrate how the alleged misconduct affected him "in a personal and individual way" and that the injury "actually exist[ed]." *Spokeo*, 578 U.S. at 339 (citation omitted). Second, Steven's complaint fails to establish "a causal connection between" the alleged misconduct of Jones and an injury in fact. *SuperValu, Inc.*, 870 F.3d at 768. Nothing in the complaint suggests that Jones's alleged misconduct directly harmed Steven. Instead, Steven merely alleges the harms suffered by Marcia and Norris, neither of whom is a party to this action. Finally, Steven does not seek judicial action to remedy any harm he personally suffered but rather seeks to address the harm suffered by individuals outside of this action. Docket 1 at 3 ("We ask that the court forces the defendant to pay $100,000 to Holly Norris and $100,000 to Marcia Green.").

Even if, arguendo, the Court were to find that Steven met the constitutional limitations to standing, he, nevertheless, would fail to meet the prudential limitations. Steven's entire complaint rests on "the legal rights or interests of third parties." *Hodak*, 535 F.3d at 904 (citation omitted); *see also Potthoff*, 245 F.3d at 715 ("To acquire Article III standing, a plaintiff must have

---

[4] In opposing the motion to dismiss, Steven argues that, as the spouse of Marcia, he has "every right the [beneficiaries] have especially in regards to when there is suspicion or proof that funds were improperly handled." Docket 10 at 1. However, Steven has failed to cite any legal authority, including relevant case law or South Dakota statutes, to support his contention. *See* D.S.D. LR 7.1(B) (requiring a responding party to include legal arguments and supporting authorities in its response to a motion).

5

a 'personal stake in the outcome of the controversy.'" (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

Accordingly, the Court concludes that Steven has failed to establish both constitutional standing and prudential standing. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) ("When it becomes clear a case originally filed in federal court does not belong there because the plaintiffs lack Article III standing, generally the appropriate remedy is to dismiss without prejudice. (emphasis omitted). "[I]f a plaintiff lacks standing, the district court does not have subject matter jurisdiction." *Wilson v. Dep't of Interior*, No. 5:22-CV-5094, 2023 WL 4868415, at *3 (D.S.D. July 31, 2023), *aff'd*, 23-3204, 2024 WL 4492083 (8th Cir. May 24, 2024) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013)). Therefore, Jones's motion to dismiss is granted.

## II. Voluntary Dismissal

Having determined that the Court lacks jurisdiction in this case, the Court does not have jurisdiction to consider Steven's motion for voluntary dismissal. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Hunter v. Securly, Inc.*, Civil No. 24-2159 (DWF/DLM), 2024 WL 4979660 (D. Minn. Dec. 4, 2024) (granting motion to dismiss for lack of standing and denying other motions as moot).

6

**CONCLUSION**

Thus, it is hereby

ORDERED that Jones's motion to dismiss, Docket 9, is granted, and Steven's complaint is hereby dismissed without prejudice for lack of standing. It is further

ORDERED that Steven's motion for voluntary dismissal, Docket 17, is denied as moot.

DATED January 21, 2025.

                                          BY THE COURT:

                                          /s/ *Camela C. Theeler*
                                          CAMELA C. THEELER
                                          UNITED STATES DISTRICT JUDGE